UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHENA CARPENTER                                    CIVIL ACTION

VERSUS                                                   NO. 21-328

KILOLO KIJAKAZI, ACTING                      SECTION "R" (1)
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

## ORDER AND REASONS

Before the Court is plaintiff Shena Carpenter's motion for attorney's fees.[1] Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration (the "Commissioner"), does not oppose the motion.[2] For the following reasons, the Court grants the motion.

## I.    BACKGROUND

On February 14, 2021, plaintiff brought this action against the Commissioner of the Social Security Administration, seeking review of the Commissioner's denial of plaintiff's application for supplemental social security income.[3] Plaintiff and the Commissioner filed cross-motions for

---

[1]    R. Doc. 26.
[2]    R. Doc. 27.
[3]    R. Doc. 23 at 2.

summary judgment.[4] On June 17, 2022, Magistrate Judge Janis van Meerveld issued a Report and Recommendation ("R&R") recommending that the Court grant plaintiff's motion for summary judgment, deny the Commissioner's motion for summary judgment, and remand the matter to the Commissioner for further proceedings.[5] No party objected to the R&R. The Court adopted the R&R as its opinion, and remanded plaintiff's case to the agency for further proceedings.[6]

On October 6, 2022, counsel for plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").[7] Plaintiff seeks fees in the amount of $4,465.65 and expenses in the amount of $29.30.[8] The motion asks the Court to order that the fees be made payable directly counsel if plaintiff has no debt registered with the Department of Treasury subject to offset, and notes that plaintiff executed a Waiver of Direct Payment.[9] Defendant does not object to plaintiff's request, but notes that, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the fees

---

[4] *Id.*
[5] *Id.* at 1.
[6] R. Doc. 24.
[7] R. Doc. 26.
[8] *Id.*
[9] *Id.* at 1-2.

2

should be awarded directly to plaintiff, rather than to plaintiff's counsel.[10] The Court considers the motion below.

## II.   DISCUSSION

The Court must award attorney's fees and expenses under 28 U.S.C. § 2412(d)(1)(A) if (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust. *See Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). The Commissioner concedes that plaintiff is entitled to attorney's fees and expenses. The Court therefore finds that plaintiff is entitled to attorney's fees and expenses under section 2412(d), and proceeds to calculate the amount of the award.

First, the Court must determine the appropriate hourly rate. The EAJA provides that the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests fees at hourly rates of $206.70 for work performed in 2021 and

---

[10]      R. Doc. 27.

$220.66 for work performed in 2022 based on increases in the cost of living in both years.[11]  Plaintiff further requests an hourly rate of $75 per hour for paralegal time.  The Commissioner does not dispute these hourly rates. Moreover, other sections of this Court have recently recognized that similar cost-of-living increases are appropriate.  *See, e.g.*, *Green v. Social Security Admin.*, No. 21-1362, 2022 WL 3643025, at *3 (E.D. La. Aug. 5, 2022) (approving a $200.00 hourly rate based on cost of living); *Adams v. Social Security Admin.*, No. 21-1246, 2022 WL 4119760, at *1 (E.D. La. Sept. 9, 2022) (approving a $214.29 hourly rate for work performed in 2021 and a $229.05 hourly rate for work performed in 2022 based on cost of living).  For these reasons, and given the absence of opposition by the Commissioner, the Court concludes that the hourly rates put forth by plaintiff are reasonable.

Second, the Court must determine whether plaintiff's counsel reasonably expended 18.9 attorney hours and 7.1 paralegal hours on this litigation.  The fee applicant bears the burden of proving that the hours requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir.1987).  The Supreme Court requires fee applicants to exercise "billing judgment," meaning they should "exclude from a fee request hours that are excessive, redundant and

---

[11]      R. Doc. 26-1 at 2.

otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434, 437.  Counsel should exclude hours that would be unreasonable to bill to a client, and therefore to one's adversary, irrespective of counsel's skill, reputation, or experience.  *See id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).  Upon review of the itemized statements of time attached to plaintiff's motion,[12] the Court finds that 18.9 hours of charged attorney time and 7.1 hours of charged paralegal time are reasonable.

For the foregoing reasons, the Court finds that plaintiff is the prevailing party, and is entitled to attorney's fees.  The Court further finds that the hourly rates put forth by plaintiff, and the hours expended, are reasonable. The Court therefore finds that an award of $4,465.65 in fees and $29.30 in costs, made payable to plaintiff, *see Ratliff*, 560 U.S. at 591-93, is appropriate.  *See Adams*, 2022 WL 4119760, at *2 (awarding fees to plaintiff pursuant to *Ratliff*, despite counsel's assertion that plaintiff waived his right to direct payment of fees).

---

[12]    R. Docs. 26-3, 26-4, 26-5.

## III.   CONCLUSION

The Court GRANTS plaintiff's motion for attorney's fees.  The Court awards plaintiff a total of $4,465.65 in attorney's fees and $29.30 in expenses.


New Orleans, Louisiana, this __16th__ day of November, 2022.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE